UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Keion M. Skidmore Hill, | Case No. 2:23-cv-00762-CDS-NJK |
| Plaintiff | |
| v. | **Order Dismissing and Closing Case** |
| Well Care, *et al.*, | |
| Defendants | |

Pro se plaintiff Keion Hill brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while detained at Clark County Detention Center. ECF No. 1-1. On August 16, 2023, this court ordered Hill to file his updated address and telephone number with the court and either file a fully complete application to proceed *in forma pauperis* for a non-inmate or pay the full $402 filing fee on or before September 15, 2023. ECF No. 7. The court warned Hill that the action could be dismissed if he failed to timely comply. *Id.* at 2. That deadline expired and Hill did not file his updated contact information and either file a fully complete application to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond. And the court's mail to Hill has been returned as undeliverable. ECF No. 8.

I.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Hill's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and further squander the court's finite resources because the chance that the order will even reach Hill is low. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

II.     CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on Keion M. Skidmore Hill's failure to file his updated address and telephone number with the court and either file a fully complete application to proceed *in forma pauperis* for a non-inmate or pay the full

$402 filing fee in compliance with this court's August 16, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Keion Hill wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or properly apply for *in forma pauperis* status.

DATED: October 2, 2023

_____
Cristina D. Silva
United States District Judge